UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10135-RWZ

UNITED STATES OF AMERICA

v.

FREDERICK BONAMO

ORDER

January 14, 2014

ZOBEL, D.J.

Frederick Bonamo has been charged with possession of Oxycodone with intent to distribute and being a felon in possession of a firearm, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1), respectively. He contends that the search warrant for apartment one of a three-apartment building he owns on Harvard Street in Chelsea, Massachusetts, lacked sufficient probable cause and moves to suppress all evidence seized therefrom.

The affidavit in support of the application for the search warrant states that a confidential informant notified Chelsea police that defendant sold Oxycodone and other prescription medications from the third floor apartment in which he lived. Docket # 34-1 at ¶ 3. The informant made several "controlled buys" of Oxycodone in apartment three. Id. at ¶¶ 7-9. Further investigation revealed that defendant's mother formerly lived in apartment one, but the apartment had remained vacant since her death. Id. at ¶ 5.

Defendant had access to apartment one, and his name was listed on its utility account. Id. Records indicated "minimal usage" of electricity therein. Id. The magistrate issued the search warrant for apartments one and three based on this evidence.

Defendant and the government offer competing characterizations of the relationship between apartments one and three. Defendant portrays apartment one as entirely distinct and separate from apartment three. The government describes apartment one as an appurtenant area to apartment three. In fact, it is neither. Reading the affidavit in a "practical, common sense fashion," United States v. Zayas-Diaz, 95 F.3d 105, 111 (1st Cir. 1996) (quotation and citation omitted), I note that although apartment one is numerically separate, it is in the same building in which defendant lives, and defendant had easy access to it. Although police documented defendant dealing drugs from apartment three on multiple occasions, utility records showed at least some usage of apartment one. These facts are sufficient to demonstrate at least a "fair probability" that evidence of a crime would be found in apartment one. Illinois v. Gates, 462 U.S. 213, 238 (1983) (defining probable cause).

This is not an open-and-shut case; indeed, it is marginal. In such cases, however, I must defer to the issuing magistrate's determination of probable cause. United States v. Barnard, 299 F.3d 90, 93 (1st Cir. 2002). For that reason, and on the merits, defendant's motion to suppress (Docket # 33) is DENIED.

|       January 14, 2014       |       /s/Rya W. Zobel       |
|:---:|:---:|
| DATE | RYA W. ZOBEL |

UNITED STATES DISTRICT JUDGE